# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHELLE MILLER ALVIS, an individual,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:11-CV-1773-VEH ) |
| **K-MART CORPORATION, d/b/a K-MART, Store #04769, Pell City, Alabama, et al.,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff Michelle Miller Alvis ("Ms. Alvis") originally filed this personal injury lawsuit in the Circuit Court of St. Clair County, Alabama, on May 6, 2011. (Doc. 1 ¶ 1); (*see also* Doc. 1 at Ex. A at Compl.).  The case stems from injuries and damages purportedly sustained by Ms. Alvis as a result of her slipping and falling at Defendant K-Mart Corporation's ("K-Mart") store located in Pell City, Alabama, on May 31, 2009.  (Doc. 1 ¶ 2); (Doc. 1 at Ex. A at Compl. ¶¶ 2, 6).

K-Mart removed the litigation to this court on May 27, 2011, asserting diversity under 28 U.S.C. § 1332 (2006) as the basis for federal jurisdiction. (Doc.

1 ¶ 12). The court has before it Ms. Alvis's Motion to Remand (Doc. 9) filed on September 12, 2011. By margin entry dated September 12, 2011, the court set September 27, 2011, as the deadline for K-Mart to respond to the Motion to Remand. This deadline has passed without any filing from K-Mart. Thus, the Motion to Remand is unopposed. For the reasons explained below, Ms. Alvis's Motion to Remand is due to be granted.

## II. ANALYSIS

### A. General Principles Governing Subject Matter Jurisdiction

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Accordingly, '[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power.'" *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 215 (5th Cir.1998) (en banc)). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." 168 F.3d at 410.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000 (11th Cir. 1982) (footnote omitted) (citation omitted) (quoting *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18, 71 S. Ct. 534, 542, 95 L. Ed. 702 (1951)). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with

the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, 28 U.S.C. § 1447(d) (2006) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

*Id.* (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642, 126 S. Ct. 2145, 165 L. Ed. 2d 92 (2006) (recognizing that when "a remand order is based on one of § 1447(c)'s grounds, review is unavailable no matter how plain the legal error in ordering the remand" (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13, 97 S. Ct. 2428, 2434 n.13, 53 L. Ed. 2d 439 (1977))); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234, 127 S. Ct. 2411, 2418, 168 L. Ed. 2d 112 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

    **B.**    **Diversity Jurisdiction**

K-Mart premises its removal upon this court's diversity jurisdiction. "Diversity

jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1. Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367.

### 2. Amount in Controversy Requirement

Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is $75,000. 28 U.S.C. § 1332(a).

### C.     Application

In this jurisdictional inquiry, the parties dispute to what extent the citizenship of a fictitious party should be factored into the diversity analysis. K-Mart observes in its removal petition that the "[c]itizenship of the fictitious defendants should be ignored for the purposes of removal." (Doc. 1 ¶ 11 (citing 28 U.S.C. § 1441(a)). Section 1441(a) does state that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *Id.* Further, Ms. Alvis "concedes this general principle[.]" (Doc. 9 at 5).

However, Ms. Alvis additionally responds that:

> [W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." *Brown v. TranSouth Financial Corp.*, 897 F. Supp. 1398, 1401 (N.D. Ala. 1995). Furthermore, a federal district court is free to decline jurisdiction where a person originally named as a fictitious party defendant is a resident of the same state as the plaintiff and where the defendant knew or should have known of the fictitious defendant's identity. *See Brown* at 1401-1402.

(Doc. 9 at 5).

Relatedly, Ms. Alvis also has sought to add as a defendant to this litigation, Kizzia Evans ("Ms. Evans"), the manager of K-Mart's Pell City store, who allegedly is a resident of St. Clair County, Alabama. (*See* Doc. 9 at 3 ("Now aware of the identity of the party named as Fictitious Party Twenty (20) in her Complaint, the

6

Plaintiff hereby files her Motion to Remand this case to the state court in which it was originally filed, <u>along with a contemporaneous Motion to Amend to add "Kizzia Evans" as a named Defendant</u>." (emphasis added))); (*see also* Doc. 10 ¶ 1).

28 U.S.C. § 1447 provides for the procedure after removal generally. Subsection 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court <u>may</u> deny joinder, or <u>permit joinder and remand the action to the State court</u>.

*Id.* (emphasis added).

In the absence of any opposition by K-Mart, pursuant to Rule 15 of the Federal Rules of Civil Procedure, the court grants Ms. Alvis's request for leave to file her first amended complaint (Doc. 10) that was imbedded in her Motion to Remand.  Further, pursuant to subsection 1447(e), because the court, in its discretion permits the joinder of diversity-destroying resident defendant Ms. Evans to this litigation, it will also enter an order remanding the case to the Circuit Court of St. Clair County due to lack of subject matter jurisdiction. *Cf. Wright v. Sterling Investors Life Ins. Co.*, 747 F. Supp. 653, 655 (N.D. Ala. 1990) ("This court did mean to exercise its discretion under 28 U.S.C. § 1447(e) and to recognize in this particular case the fact that an actual person yet formally to be named by plaintiffs as a defendant, is known both to plaintiffs and to defendants, and is known to be a resident of the same state as are the

plaintiffs." (emphasis omitted)); *id.* ("On this basis the court declined to assume diversity jurisdiction. This was simply a shorthand method of allowing an amendment to add the non-diverse party and then remanding.").

### III. CONCLUSION

Therefore, Ms. Alvis's Motion to Remand is due to be granted as unopposed as well as on the merits. Accordingly, the court will enter an order remanding this case to the Circuit Court of St. Clair County.

**DONE** and **ORDERED** this the 29th day of September, 2011.

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge